(69 App. Div. 211.)

### MELVILLE v. KRUSE.

(Supreme Court, Appellate Division, First Department. Feb. 21, 1902.)

PARTNERSHIP AGREEMENT—MODIFICATION—CONSIDERATION.

    A contract creating a partnership between plaintiff and defendant, to endure for a certain time, specified that defendant should receive all the partnership assets at the termination thereof, but also provided that either party might terminate the partnership on 20 days' notice. A short time thereafter plaintiff notified defendant that she would retire if she was not given a half interest in the firm assets, and defendant consented thereto, and the partnership was continued. *Held*, the modification agreement was supported by a sufficient consideration, in plaintiff's consent to continue in the partnership, though the condition in the original agreement that either partner could withdraw on 20 days' notice was not expunged therefrom, as the modification contract implied that plaintiff agreed to stay in the partnership until the end of the term, and the condition in the original contract authorizing withdrawal only continued for the benefit of defendant.

    Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Anna G. Melville against Caroline Kruse for the dissolution of a partnership and an accounting. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A. Walter Otis, for appellant.

George Morehead, for respondent.

PATTERSON, J. The only question involved on this appeal is as to the right of the plaintiff, as a partner with the defendant, on final accounting of the partnership affairs, to one-half of the net assets of the copartnership remaining in the defendant's hands. It was adjudged by the court below that the plaintiff was so entitled, and that adjudication was made upon proof of an agreement between the parties to that effect. On the establishment of the original co-

partnership relation between them, written articles were signed by them. Under those articles the defendant was entitled at the termination of the partnership to all of the assets. There was a provision inserted, however, in the contract, to the effect that either party might terminate it upon giving 20 days' notice. After the co-partnership had been in existence for a short time, the plaintiff notified the defendant that she would retire from the business unless she was given a one-half interest in the assets of the concern. There can be no doubt of the good faith of the plaintiff, nor of her actual determination to leave the partnership, as she had the right to do, unless her interest therein was increased in the way she demanded. To bind the plaintiff to a continuance in the partnership relation, the defendant assented to that demand, and a paper was drawn up and signed by which the defendant assented to the arrangement. The plaintiff continued with the defendant during the whole term for which the partnership was to exist, according to the original contract. It is now insisted that there was no consideration for the agreement by which the plaintiff was to become the owner of a one-half interest in the assets, because after the modification of the agreement in the respect mentioned there was not expunged from it the clause that either party might terminate the partnership on 20 days' notice. But the consideration moving from the plaintiff was her promise not to leave the partnership, and at no time during the continuance of the relation could she have availed herself of that 20-days clause, nor did she seek to do so. That clause still remained in the contract for the benefit of the defendant, who might have availed herself of that right; but I think it is not to be doubted that the plaintiff agreed not to leave during the partnership term, and that that is a necessary implication from the new arrangement, and that, while the 20-days clause was not expunged, it remained there for the benefit of the defendant, as the new arrangement in no way called upon her to bind herself to continue in the partnership relation with the plaintiff unless she so desired. That the plaintiff intended to give up her connection, and to exercise her right under the 20-days clause, unless she secured greater advantages, is apparent; and when she gave up that right that was a sufficient consideration for the new arrangement. There is no proof whatever of duress exercised upon the defendant. Her acquiescence in the plaintiff's requirement of a new arrangement was clearly voluntary.

I think the judgment should be affirmed, with costs.

McLAUGHLIN and LAUGHLIN, JJ., concur.

O'BRIEN, J. (dissenting). The point upon which this appeal turns is whether, under the construction to be given to the agreement, the plaintiff, in consideration of her right to have on the final accounting one-half of the net assets, waived the provision of the original agreement of partnership, which enabled her to terminate it on 20 days' notice. It is conceded that the plaintiff did not expressly waive the 20-days clause, nor can I find that there was any

implied waiver; and she was therefore as free to proceed and terminate the partnership by giving the 20 days' notice after as she was before the agreement was made under which she obtained one-half of the partnership assets. In my view, therefore, there being no consideration to support her right to the one-half of the assets now claimed, the judgment awarding such should be reversed.

VAN BRUNT, P. J., concurs.